*W. March,* for appellant.

*J. Brownlee,* for appellee.

---

THE CITY OF JEFFERSONVILLE and Others *v.* PATTERSON.

CITY.—*Street Improvement.*—*Precept.*—*Signature of Mayor.*—A precept, issued for the collection of an assessment for a street improvement in an incorporated city, signed by a member of the common council acting temporarily as president thereof, the statute of incorporation requiring that such precepts shall be signed by the mayor, is void.

SAME.—*Injunction.*—An injunction will lie to prevent the sale of property under such a precept.

APPEAL from the Clark Common Pleas.

RAY, J.—The appellee owns a lot in Jeffersonville, fronting on a public street which has been improved under a contract made in pursuance of an order of the city council.

A precept, signed by a member of that body, who temporarily acted as president of the council, was issued for an assessment to pay for the amount charged against the owner of the property.    An injunction was asked to prevent the sale of the lot on this precept.    The injunction was made perpetual, and this appeal presents the question of the sufficiency of the precept.

The statute requires the signature of the mayor of the city to the precept.    The proceeding is statutory, and must be strictly in compliance with the law.    The precept can have no force except by virtue of the statute, and, without the signature of the mayor, is void.

The ruling of the court of common pleas, enjoining the sale under this precept, was correct.    The statute in regard to injunctions where improvements are made in cities un-

der an order of the council, does not apply to this case. . The attempt here is to sell property under a precept void on its face for want of compliance with the statute.

Judgment affirmed, with costs.

*J. H. Stotsenburg, T. M. Brown,* and *J. G. Howard,* for appellants.